[No. 273.   January 18, 1890.]

# SIMON LEYSER, APPELLEE, v. NEILL B. FIELD, APPELLANT.

MALICIOUS ATTACHMENT—LIABILITY OF ATTORNEY—INSTRUCTIONS.—In an action in case against an attorney for an alleged malicious suing out of an attachment, the court erred in refusing to instruct the jury that "the mere termination of the attachment suit in favor of plaintiff does not raise the presumption of want of probable cause for suing out the writ, nor can the jury presume that the defendant Field acted maliciously from this fact alone." The court also erred in refusing to instruct the jury that "defendant had a right to act on facts and circumstances brought to his knowledge through the usual and ordinary business channels, if he believed them to be true, and if such facts and circumstances were of such character, and came from such sources, that lawyers generally, of ordinary care, prudence, and discretion, would act on them, under similar circumstances, believing them to be true, then such facts and circumstances, if believed by said defendant to be true, will constitute probable cause." The courts have held, in every case of an action for malicious prosecution, it must be averred and proved that the proceeding against the plaintiff has failed. But its failure has never been held to be evidence of malice or probable cause.

APPEAL, from a judgment in favor of plaintiff, from the Second Judicial District Court, Bernalillo County.   Judgment reversed and new trial ordered.

The facts are stated in the opinion of the court.

JOSEPH BELL, T. B. CATRON, and JOHN H. KNAEBEL for appellant.

The plaintiff was bound to prove want of probable cause as one of the conditions precedent to a recovery. Alexander v. Harrison, 38 Mo. 258; Cloon v. Gerry, 79 Mass. 202 (13 Gray, 201); McManus v. Ellis, 52 Tex. 546.

Plaintiff failed to show the termination of the litigation favorable to himself, either by direct adjudica-

tion or the creditor's abandonment, proof of which was a condition precedent to recovery. Stewart v. Sonneborn, 98 U. S. 187.

An agent may, sometimes, defend against a claim for malicious prosecution, even though on the facts of the case he might be liable in trespass. Ford v. Williams, 3 Kern. 584, 585.

But an attorney at law is exempt from many responsibilities of an ordinary agent. Bicknell v. Dorion, 16 Pick. 478; Dawson v. Buford, 30 N. W. Rep. 35; 13 N. Y. 584, 586; 15 Ill. 155; 42 N. J. Law, 33; 38 Iowa, 498; 13 Ill. 538; 23 Mich. 511; 8 Iowa, 81.

What constitutes malice is a question of law for the court. The proper way is to instruct the jury what facts, if found by them, will warrant the inference. Sharp v. Johnston, 76 Mo. 660, 673; Stewart v. Sonneborn, 98 U. S. 194.

The court erred in not permitting evidence of the telegram. It was relevant and material on the question of malice, and even, as to this defendant, on the question of probable cause. Wood v. Meir, 5 B. Mon. (Ky.) 546.

It was error to refuse to permit the witness Field to answer whether or not it was his intention to injure or damage the plaintiff. Brooks v. Jones, 11 Iredell, L. (N. C.) 260.

The only record suggested by the proofs shows that the claim made was satisfied. Savage v. Brewer, 16 Pick. 453.

The record in the original suit (if it is proved) is necessarily a mutual estoppel. It shows that the attachment was acquiesced in, and that the payment by Leyser was judicially declared to be, not an involuntary payment, subject to repudiation, but a free and full satisfaction of the debt. Sartwell v. Parker, 141 Mass. 405.

The demand in the attachment suit not being due,

its payment must be deemed a confession of the attachment. Staab v. Hersch, 2 West Coast Rep. 425.

If, in any view, the prior litigation could be deemed terminated favorably to Leyser, yet such a termination did not ipso facto prove either want of probable cause or the existence of malice. Adams v. Lisher, 3 Blackf. (Ind.) 445.

Probable cause is a question of law for the court, and although the jury are to judge of the existence of the facts alleged, and in finding probable cause have to meet a question of mixed law and fact, yet it is the duty of the court to show the jury clearly what facts claimed to be proved amount to probable cause. Barron v. Mason, 31 Vt. 124; Driggs v. Burton, 44 Vt. 124; 98 U. S. 198; McCormick v. Sisson, 7 Cowen, 717; Gorton v. De Angelis, 6 Wend. 420; Crescent Co. v. Butchers Union, 120 U. S. 148, 149; 2 Wendell, 426; 1 Id. 352.

The statute requires the judge to instruct as to the law of the case. Comp. Laws, N. M., sec. 2055. And this the judge should do of his own motion, especially when expressly requested. Stewart v. Sonneborn, 98 U. S. 187.

Even the principal— the creditor, is authorized to proceed on "good reasons to believe." All such circumstances as create a reasonable suspicion, as commercial reports, pending suits, and general hearsay, are "good reasons to believe," and may be show in an action for malicious prosecution to elucidate motives. They tend to show probable cause, and to disprove malice. Stone v. Swift, 4 Pick. 393; Chandler v. McPherson, 11 Ala. 916.

There was uncontradicted proof of probable cause, and disproof of malice. Barron v. Mason, 31 Vt. 189.

FISKE & WARREN for appellee.

Upon the main question involved, which is the liability of appellant in an action upon the case for

maliciously suing out the attachment, the court is referred to the case of Stewart v. Sonneborn, 98 U. S. 187, et seq.    See, also, Sharp v. Johnson, 59 Mo. 557; 76 Mo. 662.

It is admitted that an attorney at law, in the proper discharge of his duties, is entitled to all the protection the court can give.    But a person making affidavits for arrest, or for attachment, and executing bonds, is not acting in the capacity of an attorney at law, but as an ordinary agent, and is as liable for his torts and wrongs as any other person or agent.    Weeks on Att'ys, 239. See, also, section 133, and cases cited.

It is practically conceded that reasonable and necessary counsel fees in defending against a wrongful attachment proceeding are properly recoverable, and may be assessed by the jury.    Gregory v. Chambers, 78 Mo. 294, 296.

LEE, J.—This is an action of trespass on the case, brought by Simon Leyser against Louis Lieberman, Joseph C. Mannheimer, Neill B. Field, Henry C. Lewis, and S. E. Ulman, in which the plaintiff charges in his declaration that the said defendants, on the first day of May, 1883, at the county of Socorro, and territory of New Mexico, not having good and reasonable or probable cause to believe that the said plaintiff had fraudulently disposed of his property so as to defraud and hinder his creditors, or was about to dispose of his property with such intent, but wrongfully, maliciously, and unlawfully contriving and intending to injure, harass, and oppress, did wrongfully, falsely, and maliciously procure or cause to be issued out of the district court of the second judicial district in and for the county of Socorro a certain writ of attachment, at the suit of Lieberman & Mannheimer, whereby the sheriff was commanded to attach the goods, lands, and tenements of the plaintiff in a suit in said district court by the said Lieberman & Mannheimer for the recovery of a

demand against the said Simon Leyser for the sum of
$728; that said defendant Field caused said sheriff to
levy said attachment upon a stock of goods and mer-
chandise of the said plaintiff; that the plaintiff, in
order to procure a release of said goods, was obliged to
and did pay off said demand, though said debt was not
yet due; that he was injured in his business; and that
he had to pay out the sum of $1,000 in and about the
premises for getting his property released; wherefore
he demanded judgment against the defendants for
$5,000. The defendants Lieberman & Mannheimer
were not served with process, and did not appear. The
other defendants pleaded not guilty to said declaration.
A jury trial was had upon the issue thus formed, with
the result of a verdict of not guilty as to all of said
defendants who appeared except Neill B. Field, against
whom a verdict was returned for the sum of $400.
After a motion for a new trial had been overruled by
the court below, judgment was entered upon said ver-
dict against defendant Field, from which he appealed
to this court.

The evidence is set out in the bill of exceptions.
The following is a brief statement of the evidence of
Leyser and Field: Leyser testified that he was engaged
in the mercantile business; that he was responsible; he
denies that he was about to dispose of his property
with intent to hinder, delay, or defraud his creditors;
that a day or two before the bringing of the attachment
proceedings the defendant Field, as one of the attor-
neys of Lieberman & Mannheimer, came to him, and
presented a bill for payment, in favor of said firm, for
the sum of $728; that the claim was on an open account;
that he refused to pay it for the reason that it was not
due; that a day or two afterward suit was commenced
by attachment; that the sheriff came with a writ, and
levied upon his goods; that he paid off said claim in
order to have his property released. The defendant

Field testified that he was an attorney at law; that he received the claim for collection from Lieberman & Mannheimer; that he presented the same to the said Leyser, and demanded payment; that said Leyser refused, claiming that the account was not due; that he was informed that Leyser had been reported by the commercial agency as about to make a fraudulent assignment; that an attachment had already been commenced by one Staab, and that other claims were in the hands of other attorneys for collection; that he commenced attachment proceedings by direction of his clients; that he acted in good faith in the premises; that he had no ill will against said Leyser, and did not desire to harass or oppress him. The appellant assigns some twenty-four grounds of error, but we do not deem it necessary to decide other than such points as we think decisive of the case.

The errors to which we will direct our attention arise in the charge given by the court to the jury, and MALICIOUS attach- in certain instructions asked by the de-
ment: termination
of attachment fa- fendant and refused. The court below,
vorable to plain-
tiff:liability of at- in its charge to the jury, submitted to
torney: presump-
tion. them alike the questions of malice and probable cause as matters of fact to be determined by them, and did not instruct them as to what facts or circumstances would or would not constitute probable cause, though the defendant asked instructions to that effect, two of which are as follows: "(2) The court instructs the jury that the mere termination of the attachment suit in favor of plaintiff does not raise the presumption of want of probable cause for suing out the writ, nor can the jury presume that the defendant Field acted maliciously from this fact alone." "(10) The court instructs the jury that the defendant Field had a right to act upon facts and circumstances brought to his knowledge through the usual and ordinary business channels, if he believed them to be true; and if

such facts and circumstances were of such character, and came from such sources, that lawyers generally, of ordinary care, prudence, and discretion, would act upon them, under similar circumstances, believing them to be true, then such facts and circumstances, if believed by said Field to be true, will constitute probable cause." The court refused to give these instructions, to which the defendant excepted, and thus raises the question upon which we think the case must be decided. The supreme court of the United States, in the case of Stewart v. Sonneborn, 98 U. S. 187, quite clearly sets forth the law in a case very similar to the one under consideration. In that case they refer to the ancient case of Farmer v. Darling, 4 Burrows (1791), where Lord MANSFIELD instructed the jury that, "the foundation of the action was malice, and that malice, either expressed or implied, and the want of probable cause, must both concur." And, says the supreme court, "from 1766 to the present day, such has been the law both of England and this country, and the existence of malice is always a question for the jury." Malice, it is admitted, may be inferred by the jury from the want of probable cause. But the want of probable cause can not be inferred from any degree of even expressed malice, but what amounts to probable cause is a question of law, in a very important sense. In the celebrated case of Sutton v. Johnson, the rule was thus laid down: "The question of probable cause is a question of law and fact. Whether the circumstances alleged to show probable cause are true, and exist, is a matter of fact; but supposing them to be, whether they amount to probable cause, is a question of law." This doctrine is generally adopted. McCormick v. Sisson, 7 Cow. 715; Besson v. Sutherland, 10 N. Y. 236; Barron v. Mason, 31 Vt. 189; Driggs v. Burton, 44 Vt. 124; Stewart v. Sonneborn, 98 U. S. 194. "It is," says the supreme court in the last case cited, "the duty of the court,

when evidence has been given to prove or disprove the existence of probable cause, to submit to the jury its credibility, and what facts it proves, with instructions that the facts found amount to probable cause, or it does not." What facts or circumstances will when proven, authorize the court to instruct the jury, if they find such facts and circumstances to be true, what will constitute probable cause, must, in the nature of things, vary with every different case; but there are some general principles that underlie all cases, and frequently, when applied, will settle the case in question. For instance, in this case the conduct of the defendant is to be weighed in view of what appeared to him when he filed the proceedings in attachment; not what the facts proved to be afterward, but had he reasonable cause for his action when he took it. Not what the actual fact was, but what he had reason to believe it was. Faris v. Starke, 3 B. Mon. 4; Raulston v. Jackson, 1 Sneed, 128. If the defendant acted in good faith, with an honest purpose to collect a just claim for his clients, the mere wrongful resort to legal process affords no ground of action. It is damnum absque injuria. And further than the cost, which is the legal penalty for bringing a groundless suit, there could be no other damages. McKellar v. Cranch, 34 Ala. 336. The misuse of legal process in a civil proceeding must have been wrongful, corrupt, and malicious; for if the defendant had an honest and reasonable conviction that Leyser was justly indebted to his clients for the claim he held for collection against him, and it was reported, and he believed the report to be true, that plaintiff was about to make a fraudulent assignment of his property, he had a right to act upon facts and circumstances brought to his knowledge through the usual and ordinary business channels, if he believed them to be true; and if such facts and circumstances were of such character, and came from such sources, that law-

yers generally, of ordinary care, prudence, and discretion, would act upon them, under similar circumstances, believing them to be true, then such facts and circumstances, if believed by Field to be true, would be probable cause for instituting the attachment proceedings, and if such facts were found by the jury to be true his defense would have been complete. And we think the court erred in not giving instruction number 10 asked for by defendant, which is hereinbefore set forth.

The defendant also asked the court to instruct the jury that the mere termination of the attachment pro-

MALICE: probable cause: evidence. ceedings in favor of the plaintiff does not raise the presumption of want of probable cause. The supreme court, in the case before referred to, holds, in every case of an action for malicious prosecution or suit, it must be averred and proved that the proceeding instituted against the plaintiff has failed; but its failure has never been held to be evidence of either malice or probable cause. The same is held in Cloon v. Gerry, 13 Gray, 201; Adams v. Lisher, 3 Blackf. Rep. 445. The instruction was a fair and clear expression of the law material to the defendant, and it should have been given; and it was error to refuse it.

Having come to the conclusion that this case must be reversed, we do not give any opinion upon the other points raised. The judgment will be reversed, and the cause remanded for a new trial.

Long, C. J., and McFie and Whiteman, JJ., concur.