[No. 3328. April 26, 1930.]

[Rehearing Denied July 17, 1930.]

VINCIONI v. PHELPS DODGE CORPORATION
et al.

[290 Pac. 319.]

Fred J. Voorhees and A. C. Voorhees, both of Raton,
and T. A. Whelan, of Lovington, for appellant.

Crampton & Darden, of Raton, for appellees.

OPINION OF THE COURT

WATSON, J.

This action for malicious prosecution is the aftermath
of State v. Vincioni, 30 N. M. 472, 239 P. 281, where
most of the essential facts will be found stated.

At the close of plaintiff's case the trial court directed
a verdict for defendants, ruling that plaintiff had failed

in proof of want of probable cause. The correctness of the ruling is the only question before us.

This court has held that want of probable cause is an element of a cause of action for malicious prosecution; that the plaintiff has the burden of proof; and that, the facts being undisputed, the question is one of law for the court. Meraz v. Valencia, 28 N. M. 174, 210 P. 225. These, as general propositions, are apparently unquestioned by appellant.

He conceives, however, that his proofs showed want of probable cause, and that the trial court ruled erroneously upon them. Those proofs consisted of the transcript of the record in State v. Vincioni, supra, and of evidence that the trespass notices required by Code 1915, §§ 3516, 3517, were posted only at the mines and in the town of Dawson, remote in each case from the boundaries of the property. These proofs, as he contends, clearly establish the legal proposition that appellant was not guilty of law violation; because (1) the posting was not sufficient to put the statute into effect, and (2) appellant's status as invitee of a lessee of the corporation operating the property, one of the appellees, excluded him from the operation of the statute. The facts from which these legal consequences follow being fully known to appellees, they could, as appellant contends, have had no probable cause for instituting prosecution.

Appellant presents two propositions: First, that probable cause "has nothing whatever to do with the (this) case"; and, second, that whatever presumption arises from the conviction, reversed as it was, is slight, and is overcome by the showing that it was not warranted in law. In our view, these propositions do not require separate treatment. Both resolve themselves to this: That it is here so plain that the prosecution was unfounded in law that a reasonably prudent person could not have instituted it in good faith.

It seems to be invariably held that a conviction, though reversed, is at least prima facie evidence of probable cause. 38 C. J. pp. 415, 416. Unless there is some

evidence to overcome the presumption, the judgment must stand.

 True, we held that appellant, because of his status as an invitee of the lessee, was not a trespasser. But that was a matter of construing a contract according to its legal effect. We did not say, and cannot hold, that a different construction, upon which appellant's prosecution and conviction were based, was so unsound and unreasonable as to negative probable cause. The statute (Code 1915, §§ 3516, 3517) requires the posting of notices "in at least three public places upon said premises." If we were to hold with appellant that a reasonable interpretation would require posting of notices upon the boundaries of the property, it would still be a matter of statutory construction. We could not say that no reasonably prudent person would have taken it according to its terms.

Appellant places great reliance on Nehr v. Dobbs, 47 Neb. 863, 66 N. W. 864. In so far as that case suggests that a mistake as to the meaning or as to the validity of a statute, however natural and honest, is incompatible with probable cause, we find little support for it in the decisions, and it seems that the rule is now otherwise in Nebraska. Cobbey v. State Journal Co., 77 Neb. 626, 113 N. W. 224. The case may be urged as a precedent that where known facts and plain law show the prosecution to have been groundless, the presumption of probable cause arising from conviction may be deemed to have been rebutted. But as a precedent it is of slight importance because so clearly distinguishable.

We conclude that the judgment should be affirmed and the cause remanded. It is so ordered.

BICKLEY, C. J., and PARKER, J., concur.

CATRON and SIMMS, JJ., did not participate.