40 P.(2d) 630

## WELLINGTON v. MUTUAL BEN. HEALTH & ACCIDENT ASS'N.

### No. 3985.

Supreme Court of New Mexico.

Jan. 23, 1935.

Rehearing Denied Feb. 13, 1935.

Bryan G. Johnson, of Albuquerque, for appellant.

Robert Hoath La Follette, of Albuquerque, for appellee.

WATSON, Justice.

By the judgment appealed from the beneficiary recovered a death benefit contracted for in an accident policy. The death occurred January 1, 1933.

Two points are here relied upon for reversal:

"I. The trial court erred in denying appellant's motion to dismiss the complaint and enter judgment in favor of the defendant at the conclusion of appellee's evidence and in again denying the same motion at the conclusion of the case.

"II. The trial court erred in refusing to find that the premium due on or before December 1, 1931, on the policy in question was not paid and in refusing to conclude as a matter of law that the policy lapsed and became null and void on December 1, 1931."

█ It is needless to consider the situation at the time appellee rested her case. Appellant waived any deficiencies by its own introduction of evidence thereafter. First State Bank v. McNew, 33 N. M. 414, 269 P. 56.

██ If there is merit in the contention that there was error in overruling the motion as renewed at the conclusion of the case, it must be because the second point is well taken. The controlling question is whether the policy lapsed before the death of the insured.

The trial court found as a fact and concluded as. a matter of law that the policy was in full force and effect. He refused to find that the premium due on December 1, 1932, was never paid and refused to conclude that the policy lapsed on that date. The question is whether the record affords substantial evidence to warrant the affirmative finding and the refusal of the negative and contrary finding.

There was positive evidence on the part of appellant that the premium in question was not paid. It was considerably weakened by admissions and circumstances. We need not go into this, however. It was brought out on cross-examination of appellee, the beneficiary, that the insured, her son, had told her that he had his insurance paid up until the first of March. Appellant ignores this evidence as incompetent. It was clearly so. But it was not stricken or even objected to. It "made the plaintiff's case." Priestley v. Law, 33 N. M. 176, 262 P. 931, 933; Crawford v. Gurley, 23 N. M. 662, 170 P. 736.

The judgment will be affirmed, and the cause remanded. It is so ordered.

SADLER, C. J., and HUDSPETH, BICKLEY, and ZINN, JJ., concur.