44 P.(2d) 722

### KUMOR v. GRAHAM.

No. 3994.

Supreme Court of New Mexico.

April 29, 1935.

O. E. Little, of Roswell, for appellant.

J. C. Gilbert, of Roswell, for appellee.

HUDSPETH, Justice.

Plaintiff below, appellee here, entered, under the United States Homestead laws a tract of land within an inclosure of some 20 sections, known as the Graham ranch, which the defendant below, appellant in this court, had occupied for several years. Later plaintiff bought a few head of cattle, and turned them loose on his homestead. These cattle had increased to seven cows and five calves on February 1, 1932, when the defendant executed a complaint charging the plaintiff with cruelty to dumb animals. The plaintiff was arrested, tried, and acquitted. Following his acquittal the plaintiff filed his complaint in this cause in the district court of Chaves county, alleging that the prosecution was malicious and without probable cause. An answer and also a cross-complaint were filed by defendant. The cross-complaint states that the plaintiff on April 1, 1931, turned loose, upon the ranch belonging to the defendant, ten head of cattle, and that the cattle were kept upon the defendant's range and depastured the lands and used the water of defendant until the 27th day of January, 1932, to the damage of defendant in the sum of $100. The cause was tried to the court, resulting in judgment in favor of the plaintiff for $300, and the dismissal of the cross-complaint, for the reversal of which judgment this appeal is prosecuted.

The court found that while plaintiff's cattle watered part of the time at the well of defendant, situated near the middle of the 20-section Graham pasture, plaintiff had a right to turn his cattle loose on his homestead; that he had water for his cattle part of the time, within the Graham inclosure, in water holes, and at all times on the adjoining Perry ranch, which the cattle were prevented from reaching only by a fence, not on defendant's land, maintained by the defendant; that a large part of the inclosed lands were public domain, and that the plaintiff had as much right on certain privately owned lands within the Graham inclosure as did the defendant; and: "That soon after said cattle were turned loose upon the said homestead entry of the plaintiff, the defendant really demanded of plaintiff that he remove said cattle therefrom and take them out of the pasture, and that he would not allow him to run said cattle therein. That the defendant herein put brush in the hole under the fence dividing the Perry and Graham ranch, so that the plaintiff's cattle could not go through said hole to the Perry watering, and thereafter so arranged his fences that the plaintiff's cattle could not go to * * * water at the Graham well, and after said cattle had been shut off from water for five days told the witness Perry that if he, Perry, saw the plaintiff Kumor, to tell him that his cattle had been shut off from water, and if he did not water them, he, the defendant, would have the plaintiff arrested for cruelty to animals; that the plaintiff at the time his cattle were cut off from water was engaged in the picking of cotton near Dexter, New Mexico, some ten or twelve miles from his homestead; that the witness Perry saw the plaintiff at Church the next day and informed him that the defend-

ant Graham had stated that he, Graham, had cut the plaintiff's cattle off from the Graham watering, and that if the defendant herein did not furnish water for said cattle that he, Graham, would have him arrested for cruelty to animals. * * * That on the following day, Monday, the defendant herein went to the Justice of the Peace, of Precinct No. 5, Chaves County, New Mexico, and told the justice that the plaintiff was starving his cattle for water and procured the said Justice of the Peace to file complaint and issue warrant for plaintiff's arrest; that said warrant was issued and placed in the hands of Jim Williamson, Deputy Sheriff and Constable, and the plaintiff was taken into custody; that the plaintiff was allowed to go on his own recognizance, and in the trial thereafter had in the Justice of the Peace Court the plaintiff herein was acquitted."

The court further found: "That at the time the defendant herein fenced off the cattle of plaintiff he knew that plaintiff was absent from his homestead and would not have knowledge that said cattle had been fenced off from water until he returned from his work, or was notified in some way. * * * That the defendant herein cut said cattle off of said water with the intent of filing a criminal prosecution against him for failure to properly care for his cattle; that the action of the defendant was wilful, premeditated and malicious; that the defendant Graham did not believe, or have reasonable cause to believe, that the plaintiff had committed an offense with which he was charged; and that probable cause did not exist for the prosecution of the plaintiff."

The defendant made no claim whatever to 12 of the 20 sections inclosed in the Graham pasture, except that he "settled there first." The plaintiff, of course, had a right to turn his cattle loose on his homestead, and the finding of the court that the plaintiff had water for his cattle places the parties on the same footing, so far as the charge of trespass is concerned. The plaintiff's cattle grazed the lands of the defendant, and the defendant's cattle grazed the homestead of plaintiff.

■ By presenting evidence tending to establish his defense, the defendant waived the alleged error of the court in overruling his demurrer to plaintiff's evidence at the close of plaintiff's case. Wellington v. Mutual Ben. Health & Accident Ass'n, 39 N. M. 98, 40 P. (2d) 630.

■ Both parties cite Meraz v. Valencia et al., 28 N. M. 174, 210 P. 225, 227, and Vincioni v. Phelps Dodge Corporation, 35 N. M. 81, 290 P. 319, as laying down the law governing this case. In the Meraz Case, the court said: "Malice in actions of this kind is understood to mean a wrong act done intentionally, without legal justification, and may be drawn from the lack of probable cause."

And in both cases it is held that want of probable cause is an element of the cause of action for malicious prosecution. The facts found by the trial court were sufficient to prove malice and lack of probable cause. We have carefully reviewed the record, and we consider these findings supported by substantial evidence. The defendant maintains, however, that he fully and fairly stated the

facts to the magistrate and acted upon his advice in swearing to the complaint against plaintiff, and that this is equivalent to being advised by the magistrate that there was probable cause for the prosecution of the plaintiff for the crime charged. The great weight of authority is against the contention of defendant, that acting upon the advice of a justice of the peace is a defense to an action for malicious prosecution. Nelson v. Hill, 30 N. M. 288, 232 P. 526; Kable v. Carey, 135 Ark. 137, 204 S. W. 748, 12 A. L. R. 1227, and annotation. Moreover, the court found in effect that the defendant participated in the design and purpose of the prosecution. Acting upon the advice of counsel is a defense only when the prosecutor acts in good faith in consulting counsel and fully discloses the facts. The court found in effect that the defendant instituted the criminal prosecution against the plaintiff for the purpose of causing the removal of plaintiff's cattle from the inclosure known as the Graham ranch. If a criminal prosecution is instituted for the mere purpose of coercing one into the surrender of a right, and not in the cause of public justice, the fact that the defendant followed the advice of counsel is no defense. Lyons v. Kanter, 210 Ill. App. 78, affirmed 285 Ill. 336, 120 N. E. 764; 38 C. J. 435. The evidence and findings fully support the judgment. Finding no error in the record, the judgment will be affirmed, and it is so ordered.

SADLER, C. J., and BICKLEY and WATSON, JJ., concur.

ZINN, J., did not participate.