453 P.2d 217

Maria **CASTILLO** and Cosme Castillo,
Plaintiffs-Appellants,

v.

Raul **JUAREZ** et al., Defendants-Appellees.

No. 262.

Court of Appeals of New Mexico.

March 21, 1969.

Melvin L. Robins, Chavez & Robins, Montoya & Montoya, Albuquerque, for appellants.

Bob F. Turner, R. D. Mann, Atwood & Malone, Roswell, for appellees.

OPINION

HENDLEY, Judge.

This was an action to recover damages for personal injuries which occurred in April 1964. The jury returned a verdict for defendant and plaintiff appeals.

Plaintiff was an employee of defendant, who was engaged in the manufacture of tortillas with power equipment. The trial court ruled, as a matter of law, that the factory was under the portions of the Workmen's Compensation Act dealing with extra-hazardous occupations. Section 59–10–10, N.M.S.A.1953 (Repl.1960) and Laws 1929, ch. 113, § 12, Laws 1937, ch. 92, § 6 (repealed 1965) [hereinafter cited as § 59–10–12, N.M.S.A.1953 (Repl.1960)].

Defendant did not carry workmen's compensation insurance nor had he exempted himself from the provisions of the Work-

men's Compensation Act. If defendant employed four or more persons in the business he was required to carry workmen's compensation insurance or to exempt himself from the Workmen's Compensation Act. Section 59–10–2, N.M.S.A.1953 (Repl. 1960); § 59–10–3, N.M.S.A.1953 (Repl. 1960) prior to the 1965 amendment.

Plaintiff contends the trial court erred in submitting to the jury whether or not defendant employed four or more persons. We disagree. Only where the facts are undisputed and the inferences to be drawn from them are plain and not open to doubt by reasonable men can the trial court determine the question as a matter of law. Loucks v. Albuquerque National Bank, 76 N.M. 735, 418 P.2d 191 (1966).

Here the payroll records of defendant, offered and accepted into evidence without objection, showed only three employees at the time of plaintiff's alleged injury. There was disputed testimony as to a fourth employee, Porfiria Lujan. The testimony was conflicting as to whether defendant's brother and sister were also employees. The facts were in dispute and it could not be said, as a matter of law, that four or more persons were employed.

True, there may have been contrary evidence which would have supported a different verdict, but this does not permit the reviewing court to weigh the evidence. That is the province of the jury. Tapia v. Panhandle Steel Erectors Company, 78 N.M. 86, 428 P.2d 625 (1967).

Was plaintiff's objection to Instruction number 13 sufficient to alert the court's minds that it was restrictive? We think not. Instruction number 13 reads:

"You are instructed that the term 'employee' as used in these instruction [sic], means any person who has entered into the employment of or works under a contract of service with an employer for wages."

In discussing Instruction number 13 the following is quoted from the record:

"MR. ROBINS: All right. Judge, we passed over Instruction Thirteen, which is a definition of employee.

"THE COURT: The Court realizes that this is not the exact statutory definition of employee, but it is the definition of employee as modified by subsequent decisions of the Supreme Court.

"MR. ROBINS: Plaintiff objects to that for the reason that it is not the statutory definition.

"THE COURT: All right."

A general exception or objection to an instruction is not sufficient to preserve claimed error. The specific vice in the instruction must be pointed out so as to leave no doubt that the court's mind was actually alerted. Tapia v. Panhandle Steel Erectors Company, supra; Zamora v. Smalley, 68 N.M. 45, 358 P.2d 362 (1961).

Plaintiff did not raise the question in the lower court that to instruct the jury that payment of wages is the test of an employer-employee relationship is to submit a false issue to the jury. It is first raised here on appeal.

Plaintiff next contends the trial court erred in submitting the issues of the common law defenses to the jury and in refusing plaintiff's requested instruction that the only issues to be decided by the jury were the defendant's negligence and proximate cause. We disagree.

This argument is related to plaintiff's first contention. Had defendant employed four or more persons and not provided workmen's compensation coverage we would agree. Section 59–10–5, N.M. S.A.1953 (Repl.1960); Addison v. Tessier, 62 N.M. 120, 305 P.2d 1067 (1957). However, since the number of employees was a disputed fact and a proper factual issue for the jury, it was proper for the court to submit the issues of the common law defenses to the jury in the event they found the defendant employed less than four employees.

The judgment is affirmed.

It is so ordered.

SPIESS, C. J., and OMAN, J., concur.