509 P.2d 564

**YUCCA FORD, INC., and Kenneth E. Clear, Plaintiffs-Appellants,**

v.

**Richard F. SCARSELLA, Defendant-Appellee.**

**No. 1025.**

Court of Appeals of New Mexico.

March 16, 1973.

Certiorari Denied April 10, 1973.

**90**

J. Wayne Woodbury, Silver City, for plaintiffs-appellants.

Asa Kelly, Jr., Silver City, for defendant-appellee.

## OPINION

WOOD, Chief Judge.

The jury returned a verdict for Scarsella on his counterclaim for malicious prosecution. Plaintiffs' appeal raises questions as to: (1) determination of probable cause by the trial court; (2) evidence as to probable cause; (3) excessive damages.

*Determination of probable cause by the trial court.*

The elements to be proved in an action for malicious prosecution are stated in Meraz v. Valencia et al., 28 N.M. 174, 210 P. 225 (1922). One of the elements, to be proved by a preponderance of the evidence, is "that no probable cause existed for the prosecution." Meraz v. Valencia et al., supra.

At trial, plaintiffs contended ". . . that the question of probable cause is prop-erly decided by the Court and should not be submitted to the Jury. . . ." The trial court refused to decide the question as a matter of law and, on instructions which are not challenged, submitted the issue of probable cause to the jury. Plaintiffs contend this was error.

Several New Mexico decisions have stated that ". . . what constitutes probable cause is a question of law for the trial court to determine. . . ." We examine the factual context of those statements. In Bokum v. Elkins, 67 N.M. 324, 355 P.2d 137 (1960) and Brown v. Village of Deming, 56 N.M. 302, 243 P.2d 609 (1952), the issue of probable cause was submitted to the jury without objection; thus, the appellant could not complain of the trial court not having ruled on the issue. In Marchbanks v. Young, 47 N.M. 213, 139 P.2d 594 (1943) the facts alleged showed there was probable cause as a matter of law and the complaint was properly dismissed. Compare Apodaca v. Miller, 79 N.M. 160, 441 P.2d 200 (1968). In Hughes v. Van Bruggen, 44 N.M. 534, 105 P.2d 494 (1940) the evidence was insufficient to support a verdict for malicious prosecution. Leyser v. Field, 5 N.M. 356, 23 P. 173 (1890) quotes the following:

" '. . . The question of probable cause is a question of law and fact. Whether the circumstances alleged to show probable cause are true, and exist, is a matter of fact; but supposing them to be, whether they amount to probable cause, is a question of law. . . .' "

*Leyser,* supra, states: "This doctrine is generally adopted." Meraz v. Valencia et al., supra, states:

" . . . Whether the facts adduced constitute probable cause or lack of it is usually a question of law for the court. . . . The motion to instruct admitted all facts proved by plaintiff and all inferences reasonably deducible therefrom, and the question now is whether such facts and inferences were sufficient as a matter of law to prove malice and

lack of probable cause. We have recited the facts in this opinion, and find they are sufficient as a matter of law to permit a recovery, when standing unrebutted by any evidence on the part of the defendants. On a retrial of this case, should the evidence be conflicting, the determination of these questions would eventually be a matter within the province of the jury."

Vincioni v. Phelps Dodge Corp., 35 N.M. 81, 290 P. 319 (1930) states: ". . . the facts being undisputed, the question [of probable cause] is one of law for the court. . . ." In Kumor v. Graham, 39 N.M. 245, 44 P.2d 722 (1935) the trial court found a lack of probable cause as a fact; our Supreme Court held the finding was supported by substantial evidence.

In the false imprisonment portion of Stienbaugh v. Payless Drug Store, Inc., 75 N.M. 118, 401 P.2d 104 (1965) it is stated:

". . . if the question of reasonable or probable cause for the detention of a customer is undisputed, it is one of law for the court, but if the evidence is conflicting, it is a mixed question of law and fact, . . . In other words, it is for the trier of the facts to determine which of the conflicting stories is true. . . ."

■ In our opinion, there is no conflict in the above cited New Mexico decisions. Taking as true the facts relied on to show an absence of probable cause, the trial court is to determine whether those facts are sufficient to prove an absence of probable cause as a matter of law. Whether disputed or undisputed, if the facts are insufficient, this determination disposes of the probable cause issue. If the facts are sufficient to show an absence of probable cause and are not disputed, this determination disposes of the probable cause issue. If the facts are sufficient to show an absence of probable cause but are disputed, probable cause is a question to be decided by the finder of fact. The discussion in the next point shows the trial court properly submitted the issue of probable cause to the jury.

*Evidence as to probable cause.*

■ The question of the sufficiency of the evidence was presented to the trial court by motion for a directed verdict and by a motion for judgment notwithstanding the verdict. In ruling on these motions, the trial court was to consider the evidence in the light most favorable to Scarsella, who was resisting the motions. Garcia v. Barber's Super Markets, Inc., 81 N.M. 92, 463 P.2d 516 (Ct.App.1969). Although the evidence is conflicting, we consider only the evidence favorable to Scarsella.

Yucca (Yucca Ford, Inc.) operates an automobile repair garage. Clear is Yucca's general manager and acted within the scope of his employment. Scarsella asked Clifton, Yucca's service manager, what it would cost to repair a steering problem on Scarsella's pickup. Clifton stated he could not give a cost estimate without taking the steering apart because there were a lot of parts inside. According to Scarsella, he left his pickup with Yucca the next day so that an estimate could be made. When Scarsella telephoned for the estimate, the pickup had been repaired. When Scarsella pointed out there was no authorization to repair the pickup, relations between the parties deteriorated.

According to Scarsella, Clear stated he was going " '. . . to tear it apart and I am going to take out the parts and I am going to charge you for tearing it down and inspecting it. . . .' " When Scarsella agreed to this, Clear stated: " '. . . I will tell you something else, I am going to take your truck and I am going to lock it up in the back and when we get time to fix it we will fix it. . . .' " Thereafter, over Clear's objections, Scarsella got in his truck and drove it off. Clear said: " 'I am going to have the police after you.' " Scarsella said " 'I live right up the road.' "

Clear called the police, gave the license number and description of the pickup "and asked them to pick it up." He was told

that he would have to get a warrant. Clear then called the magistrate ". . . and told him I wanted a man picked [up] or my money or the truck." Clear was angry at the time. Clear met the magistrate at the courthouse and signed a criminal complaint charging Scarsella with "[u]nlawful [t]aking of a vehicle" contrary to § 64–9–4, N.M.S.A.1953 (2nd Repl.Vol. 9, pt. 2). A warrant was issued on the basis of the criminal complaint and Scarsella was arrested. This occurred on July 29th. The magistrate dismissed the charge on the following August 6th.

Clear did not remember what he told the magistrate. ". . . I explained to him that he [Scarsella] ran off with the truck without paying the bill and how much detail I went into I don't know because I wanted to hurry and get the man picked up before he left town." ". . . I don't know the particular or anything of it. I know I was only in his office a few minutes."

Section 64–9–4, supra, makes it a felony to take a vehicle intentionally and without the consent of the owner. This section also makes it a felony to steal any automobile tire, part, accessory, equipment or tool from an automobile. This section does not pertain to liens for repair of motor vehicles. Such liens are provided for in § 61–3–1, N.M.S.A.1953 (Repl.Vol. 9, pt. 1) and the removal of property "from the possession of a person that possesses a lien" under § 61–3–1, supra, is declared to be a misdemeanor by § 61–3–2.1, N.M.S.A.1953 (Repl.Vol. 9, pt. 1, Supp.1971).

Probable cause is an honest belief on the part of the prosecutor in the guilt of the accused, based on reasonable grounds. Marchbanks v. Young, supra. "Reasonable grounds" pertain to facts and circumstances which would warrant a prudent and cautious person in believing that the one arrested was guilty of an offense. People v. Carlton, 58 Ill.App.2d 163, 206

N.E.2d 824 (1965), cert. denied, 384 U.S. 910, 86 S.Ct. 1351, 16 L.Ed.2d 362 (1966).

The above evidence, considered in the light most favorable to Scarsella, is that the pickup was left for a cost repair estimate; that the pickup was repaired without authorization; and that the pickup was to be detained at the convenience of Yucca because Scarsella disputed and did not offer to pay for the unauthorized repairs. This was evidence that Yucca had no reasonable grounds to believe Scarsella had committed a violation of either § 64–9–4, supra, or § 61–3–2.1, supra. In the light of this evidence, the trial court did not err in denying the motion for a directed verdict or the motion for judgment notwithstanding the verdict.

Yucca seems to assert that it did not initiate the criminal charge against Scarsella but relied on the advice of the magistrate. See Hughes v. Van Bruggen, supra. On this basis they argue that probable cause for the criminal charge existed as a matter of law. In support of this contention they refer to selected testimony of Clear. However, in other testimony, Clear said that he did not know that the magistrate recommended the criminal charge that was filed. We have previously referred to testimony where Clear said he did not remember what he told the magistrate. With this conflict, the motions could not have been granted on the basis of the rule in Hughes v. Van Bruggen, supra.

*Excessive damages.*

Plaintiffs contend the verdict of $5,000.00 was excessive. The issue is not before us for decision.

On January 28, 1972, after the jury returned its verdict, plaintiffs moved for judgment notwithstanding the verdict on the basis of the probable cause issues previously discussed in this opinion. In addition, plaintiffs moved ". . . the Court to declare a mistrial or grant to it a new trial or grant a remittur [sic] of a portion of the damages, and in support of such

motion shows to the Court that the damages assessed by the Jury were excessive and cannot be allowed to stand as a matter of law."

The trial court reserved ruling on these motions. On July 10, 1972, it entered an order denying the motion for judgment notwithstanding the verdict. The record does not show that the motion directed to the amount of damages was called to the trial court's attention; the trial court did not rule on this motion. Not having invoked a ruling on the damage motion, it is not before us for review. Dahl v. Turner, 80 N.M. 564, 458 P.2d 816, 39 A.L.R.3d 207 (Ct.App.1969).

As to the merits of the damage question, see Sweitzer v. Sanchez, 80 N.M. 408, 456 P.2d 882 (Ct.App.1969); compare Montgomery Ward v. Larragoite, 81 N.M. 383, 467 P.2d 399, 42 A.L.R.3d 859 (1970).

The judgment is affirmed.

It is so ordered.

HENDLEY, J., concurs.

SUTIN, J., specially concurring.

SUTIN, Judge (specially concurring).

It would be helpful if the Supreme Court would decide this issue: In a claim for malicious prosecution, when is want of probable cause a question of law for the trial court, or a question of fact for the jury?

The main reason for a definite decision is that trial attorneys have agreed that probable cause is only a question of law for the trial court. Somerstein v. Gutierrez (Ct.App.), 85 N.M. 130, 509 P.2d 897, (1973).

The trial court and opposing counsel may not understand the language of the majority opinion and be able to apply it to the facts of a claim based on probable cause. They cannot tell whether probable cause is a question of fact for the jury or a question of law for the trial court.

(a) *What is a "Question of Law"?*

Judges and lawyers have always "believed" that an ultimate fact or an issue of fact became a question of law *only* when the facts regarding causation were undisputed and all reasonable inferences to be drawn therefrom were plain, consistent and uncontradictory. White v. Montoya, 46 N.M. 241, 126 P.2d 471 (1942); Valdez v. Gonzales, 50 N.M. 281, 176 P.2d 173 (1946); Castillo v. Juarez, 80 N.M. 196, 453 P.2d 217 (Ct.App.1969); Loucks v. Albuquerque National Bank, 76 N.M. 735, 418 P.2d 191 (1966); Olguin v. Thygesen, 47 N.M. 377, 143 P.2d 585 (1943).

(b) *What is "Probable Cause"?*

Marchbanks v. Young, 47 N.M. 213, 216, 139 P.2d 594, 596 (1943), quoted the following:

"Probable cause is an honest belief on the part of the prosecutor in the guilt of the accused, based on reasonable grounds."

(c) *Is "Probable Cause" a "Question of Law" for the Trial Court?*

Marchbanks, supra, p. 215, 139 P.2d p. 596, quoted:

"Probable cause in actions for malicious prosecution is a question of law for the court." Meraz v. Valencia, 28 N.M. 174, 210 P. 225. Vincioni v. Phelps Dodge Corp., 35 N.M. 81, 290 P. 319.

Hughes v. Van Bruggen, 44 N.M. 534, 542, 105 P.2d 494, 499 (1940), said:

We know that what facts or circumstances amount to probable cause is a question of law for the court. Haydel v. Morton, 28 Cal.App.2d 383, 82 P.2d 623; 18 R.C.L. 58.

Brown v. Village of Deming, 56 N.M. 302, 316, 243 P.2d 609, 618 (1952), said:

It is true, as was stated in Hughes v. Van Bruggen, supra, that what constitutes probable cause is a question of law for the trial court to determine,
. . . .

Bokum v. Elkins, 67 N.M. 324, 329, 355 P.2d 137, 140 (1960), said:

It is also true that what constitutes probable cause is a question of law for the trial court to determine, Hughes v. Van Bruggen, supra, . . . .

In none of the above cases did the court say:

Honest belief on the part of the prosecutor becomes a question of law when the facts and inferences drawn therefrom regarding his belief are undisputed.

Under the above rule in a jury trial, the trial court becomes the fact finder. It weighs the evidence pro and con, the conflicting facts and circumstances, and then instructs the jury there is probable cause, or dismisses the action if it believes there is no probable cause.

On the other side of the coin, we find the following:

Leyser v. Field, 5 N.M. 356, 23 P. 173 (1890); Meraz v. Valencia, 28 N.M. 174, 210 P. 225 (1922); Vincioni v. Phelps Dodge Corp., 35 N.M. 81, 290 P. 319 (1930); Kumor v. Graham, 39 N.M. 245, 44 P.2d 722 (1935), all abandoned in New Mexico jurisprudence. These cases are cited and quoted in the majority opinion.

These cases stand for this rule:

Where the evidence on probable cause (the honest belief of the prosecutor) is conflicting, want of probable cause is a matter within the province of the jury. Where evidence on probable cause is undisputed, want of probable cause is a matter for the court to decide.

A petition for certiorari should be filed in this case. It should be granted to establish a clear and sensible rule, and not leave the rule vague and indefinite. Confusion confounded should end.

I concur only in the result of the majority opinion.