STATE of Utah, Plaintiff and Respondent,

v.

Kayle R. JOHANSSON, Defendant and Appellant.

No. 18952.

Supreme Court of Utah.

Feb. 21, 1984.

---

Ronald R. Stanger, Provo, for defendant and appellant.

David L. Wilkinson, Atty. Gen., J. Stephen Mikita, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

HOWE, Justice:

Defendant seeks reversal of his conviction of the felony of knowingly and intentionally distributing a controlled substance for value in violation of U.C.A., 1953, § 58–37–8(1)(a)(ii). He claims that his conviction was improper because (1) U.C.A. § 76–2–202, which makes criminally liable anyone who intentionally aids another in criminal conduct, does not apply to violations of the Utah Controlled Substances Act, title 58, chapter 37 of the Utah Code, and (2) his conduct was insufficient to justify a finding that he aided in the sale of a controlled substance.

Accompanied by Jeff Haggarty and another man, defendant drove his car to a Motel 6 where Haggarty and the other man entered a room while defendant waited. Inside the motel room, Haggarty met with two undercover policemen whom he believed to be buyers. He and one of the undercover officers named Johnson agreed that the officer would buy a quarter-ounce of cocaine from him for $625. Haggerty and the other man then left and Haggarty returned alone. He handed Johnson a plastic bag containing six paper-wrapped packets of cocaine. Johnson asked to meet the cocaine dealer if the dealer did not mind. Haggarty left the room again and returned with defendant and the other man who had accompanied them. Johnson and the defendant conversed about the cocaine. The defendant said he had run "bleach" and "burn" tests on it that indicated it was very good cocaine. When Johnson counted out the $625, the defendant interrupted to tell him that the price was $650. The defendant took the $650 Johnson handed him and left the room with it. Defendant testified that he saw the cocaine on a table in the room and that he engaged in a general "social" discussion about cocaine. He did not admit saying he had run "bleach" and "burn" tests on the cocaine, and he claimed to have given the money to Haggarty after they left the room. He said he drove his car to the motel because he did not want to lend it to Haggarty.

■ On review, we view the evidence in a light most favorable to the fact finder's verdict. *State v. McCardell*, Utah, 652 P.2d 942 (1982); *State v. Simpson*, Utah, 541 P.2d 1114 (1975). In that light, the evidence was sufficient to support the judge's determination that defendant aided in the sale of a controlled substance.

■ Insofar as defendant's argument that U.C.A. § 76–2–202 does not apply to criminal offenses under title 58, chapter 37, is concerned, we observe that defendant raises this matter for the first time on appeal. At trial, when the judge raised the question of whether the failure of the State to charge in the information under § 76–2–202 was fatal to the application of that section to defendant's case, defendant's attorney stated:

I don't know that its [sic] fatal in the charging portion of it not to charge what this young man was, [sic] supposed to have done. I do think that its fatal that in a bill of particulars they still don't say.

While his argument appears unclear, the record does clearly suggest that he did not then, or at any time until now, question the application of § 76–2–202 to the Utah Controlled Substances Act, chapter 37, title 58. In fact, the record of his argument indicates that he either meant to waive objection to the judge's question of a fatal information or he was arguing that the two statutes should both have appeared on the information in order to have sufficiently apprised defendant of the nature of the charge against him. In either case, it does not appear that he questioned the conjunc-

tion of the two statutes. (The prosecutor's position on the judge's question was that the information on its face was sufficient to give notice that defendant was charged under those statutes. Defendant does not raise this issue on appeal.)

In the absence of exceptional circumstances, we have long refused to review matters not presented to the trial court, but raised for the first time on appeal. *State v. Steggell*, Utah, 660 P.2d 252 (1983); *Jaramillo v. Turner*, 24 Utah 2d 19, 465 P.2d 343 (1970); *State v. Starlight Club*, 17 Utah 2d 174, 406 P.2d 912 (1965). No exceptional circumstances warrant review on the merits here.

Affirmed.

HALL, C.J., and OAKS, STEWART and DURHAM, JJ., concur.