**The STATE of Utah, Plaintiff and Respondent,**

v.

**Edward Russell FIERST, Defendant and Appellant.**

**No. 19655.**

Supreme Court of Utah.

Oct. 31, 1984.

Milton T. Harmon, Nephi, for defendant and appellant.

David L. Wilkinson, Atty. Gen., Salt Lake City, for plaintiff and respondent.

PER CURIAM:

Defendant was convicted of receiving stolen property in violation of U.C.A., 1953, §§ 76–6–408 and 76–6–412(1)(a)(ii). On appeal, he contends that the prosecution violated rules of discovery and that he is entitled to a new trial.

On the evening of July 27, 1983, William Emmett parked his pickup truck in front of a motel in Fillmore, Utah. At about 10:00 p.m., he discovered that the truck was missing, whereupon he contacted the police. Shortly after being notified to be on the lookout for the stolen truck, a deputy sheriff spotted the vehicle near Nephi, Utah. The deputy, with the lights of his patrol car flashing, pursued the truck. After a short chase, the truck came to a stop and the driver fled into the nearby shrubbery. Defendant emerged from the pas-

senger side of the vehicle and was arrested.

At trial, defendant testified that he had been hitchhiking to Provo when he was picked up in Fillmore by the driver of the stolen truck. The prosecution produced a witness, Joe Orullian, who testified that he saw two men walking near the Fillmore motel at about 10:00 p.m. on the night in question. Orullian described the men as being respectively 6'4" and large, and 5'11" and slender. Although unable to make a positive identification, the witness stated defendant was about the size of the larger man. Subsequent testimony established that defendant is 6'4"½" tall and weighs 190 pounds.

Several weeks prior to trial, the defense had served the prosecution with a general "request for discovery." The defense first learned of the substance of Orullian's testimony in a short pretrial conference held just minutes before the beginning of the trial. Defendant urges that the trial court erred in allowing Orullian to testify since the prosecution had failed to comply with his request for discovery.

The prosecution contends it was not obligated to reveal the identity of its witnesses. It argues that there was no duty to disclose this information because it was not specified in the notice to disclose. It also urges that the evidence was not exculpatory (under U.C.A., 1953, § 77–35–16(a)(4)) since neither the witness's name, address or testimony would have tended to prove defendant's innocence.

Defendant's counsel in his written request for discovery requested "all written and recorded reports, statements, investigation reports, field notes, and any other documentation pertaining to the instant charges prepared by the investigating officer, the complaining witness or any parties connected with the State's presentation of the case." That broad request could include statements of the witnesses which the prosecution intended to call. However, the only portion of U.C.A., 1953, § 77–35–16 which might require the disclosure of such evidence would be subsection (a)(5) thereof which provides for disclosure of:

Any other item of evidence which the court determines on good cause shown should be made available to the defendant in order for the defendant to adequately prepare his defense.

If defendant's attorney believed that his request for discovery included a request for the names of the prosecution's witnesses and their statements, then he should have brought a motion under subsection (5) and, on the hearing of that motion, should have demonstrated good cause for his request. Not having done so, and not having raised any objection to Orullian testifying at the time of trial, he is not in a position now to complain.

Defendant urges a second violation of the discovery rules for failure of the prosecution to disclose the existence of records kept at the jail during defendant's incarceration. There was evidence adduced at trial that at the time of his arrest, defendant was wearing cotton gloves. Defendant testified that he was wearing gloves at the time because he had a skin ailment on his hands and that within one week after his arrest and while he was confined to jail, he requested medical treatment from the jailer. In rebuttal, the prosecution presented the testimony of the jailer that the defendant had made no such request until two to three weeks after he had been arrested and after he had worn blisters on his hands on a work release assignment. Subsequent to the trial, the defendant learned that the jail records did in fact confirm his testimony that his first request for treatment was indeed six days after he was jailed. While we agree with the defendant that the jail records would have corroborated his testimony, there is no showing in the record from which it can be fairly inferred that the prosecution knew or should have known that this request for medical treatment would ever be an issue or of any importance at trial. Therefore, the prosecution cannot be charged with failing to disclose before trial evidence exculpating the defendant.

On appeal, defendant seeks a new trial based upon "newly discovered evidence." While this contention might otherwise have merit, it is not properly before us. Discovery of new evidence after trial, such as discovery of the jail records here, might well entitle a defendant to a new trial. U.C.A., 1953, § 77–35–24 ("Rule 24"). But defendant's September 27, 1982 motion for a new trial did not mention any newly discovered evidence or anything about the jail records that contradicted the jailer's testimony. It was premised only on the prosecution's failure to provide detailed information about the two rebuttal witnesses' testimony under U.C.A., 1953, § 77–35–16. The court properly denied that motion and sentenced defendant on November 9, 1983.

On December 15, 1983, defendant filed a "Memorandum in Support of Motion for New Trial" along with his notice of appeal. In this memorandum, defendant first mentions the newly discovered evidence. The presence of this memorandum in the record does not show that the trial court acted under Rule 24 to deny a new trial on this ground. First, no motion for new trial was filed with the memorandum and no motion was pending; the earlier motion had already been denied. Second, the rule requires a motion for a new trial to be "accompanied by affidavits or evidence of the essential facts in support of the motion." It also requires the motion to be filed within ten days of sentencing. The memorandum, which first brought the issue to the court's attention, was filed 35 days after sentencing and was not accompanied by any supporting documentation or explanation. Finally, and most importantly, there is no indication in the record that this memorandum was ever brought to the trial court's attention, much less passed upon. It merely appears in the file along with various appeal documents dated the same day. Unless such an issue is raised before the trial court, it cannot be considered here for the first time. *State v. Johansson,* Utah, 680 P.2d 25, 26–27 (1984); *Yucca Ford, Inc. v. Scarsella,* 85 N.M. 89, 509 P.2d 564 (1973).

The judgment and sentence are affirmed.