642 P.2d 191

Robert MIERA, Plaintiff-Appellant,

v.

Sergeant C. D. WALTEMEYER, Individually, and The City of Albuquerque, a Municipal Corporation, Defendants-Appellees.

No. 5172.

Court of Appeals of New Mexico.

Jan. 7, 1982.

Writ of Certiorari Quashed
March 12, 1982.

Michael D. Bustamante, Donn F. Brislen, Ortega & Snead, P. A., Albuquerque, for plaintiff-appellant.

Joe L. McClaugherty, Rodey, Dickason, Sloan, Akin & Robb, P. A., Albuquerque, for defendants-appellees.

## OPINION

HENDLEY, Judge.

Plaintiff was arrested by defendant, Waltemeyer, for simple battery. Plaintiff was found guilty in municipal court, but upon an appeal de novo to the district court, he was acquitted.

Subsequently, plaintiff filed a complaint against Waltemeyer and the City of Albuquerque for damages, alleging malicious prosecution, false imprisonment, false arrest, battery, and violation of civil rights. The trial court granted defendants' motion for summary judgment on the allegations of malicious prosecution, false imprisonment, and false arrest. Plaintiff appeals. The parties agree that false imprisonment and false arrest are part of the greater offense of malicious prosecution. Since we hold that the trial court improperly granted defendants' motion, we need not discuss the false imprisonment or false arrest claims. We reverse.

A reasonable doubt as to the existence of a genuine issue of material fact in dispute precludes the granting of a summary judgment. *Goodman v. Brock*, 83 N.M. 789, 498 P.2d 676 (1972). The party opposing the motion is to be given the benefit of all reasonable doubt in determining whether a genuine issue of material fact exists. *Pharmaseal Laboratories, Inc. v. Goffe*, 90 N.M. 753, 568 P.2d 589 (1977). We first set out the facts and then discuss law as relates to malicious prosecution.

*Facts*

Plaintiff's version of the facts:

At approximately 4:00 A.M. on November 12, 1976, he heard what sounded like gunshots outside his house. He got dressed, grabbed a flashlight and went to investigate. He walked down his driveway and saw a police car in the street. Once the policeman shined the spotlight on him, he approached the police car. He had the flashlight in one hand and his other hand in his jacket pocket. Defendant told plaintiff to take his hand from his pocket and place both hands on the car, which plaintiff did. Defendant began frisking plaintiff and twice during the frisk he violently grabbed plaintiff's groin and crotch area. The first time plaintiff told defendant he was hurting him; the second time he struck defendant in the chest with his elbow. Defendant then punched plaintiff with his fist, handcuffed, and arrested him. Plaintiff was

never asked his name, his address, or what he was doing.

Plaintiff subsequently was examined by two doctors. The first doctor examined plaintiff shortly after the encounter and concluded plaintiff had suffered trauma to his groin area and recommended a scrotal support. The second doctor examined plaintiff almost a year after the incident and found plaintiff suffering from "post traumatic testalgia and epididymitis" and recommended continued use of the scrotal support.

Defendant Waltemeyer's version of the facts:

As defendant pulled up to plaintiff in his police car, plaintiff walked rapidly away from him. Plaintiff came back after defendant ordered him to. As plaintiff was approaching, he put his hand in his coat pocket. Defendant twice ordered plaintiff to remove his hand from his pocket and each time plaintiff loudly and belligerently said "no". Defendant grabbed plaintiff's hand from his pocket and plaintiff struck defendant in the chest. Defendant physically placed plaintiff against the car so he could be frisked. While defendant was frisking the crotch area, plaintiff again struck defendant. Defendant struck plaintiff, continued the frisk, and arrested him for battery.

A record was made of the municipal court hearing upon plaintiff's special request pursuant to N.M.Mun.Ct.R. 27(d), N.M.S.A. 1978 (Supp.1981). That record indicates that the municipal court judge thought this to be a simple case of battery and that "we're spending entirely too much time on this one," that "[t]his isn't a case of police brutality," and that "[a]ll I want to hear is evidence which pertains to whether or not there was a battery [upon the police officer]. I told you that before and I'll tell it to you again. It's a very simple issue in this case."

*Malicious Prosecution*

■ The plaintiff, in a malicious prosecution case, must establish by a preponderance of the evidence: (1) that the criminal prosecution was commenced or induced or procured to be commenced by the defendants; (2) that it terminated in plaintiff's favor; (3) that no probable cause existed for the prosecution; and (4) that it was commenced maliciously. *Meraz v. Valencia*, 28 N.M. 174, 210 P. 225 (1922). This appeal involves the third element.

Plaintiff relies on *Vincioni v. Phelps Dodge Corp.*, 35 N.M. 81, 290 P. 319 (1930), for the proposition (minority rule) that a prior conviction which is later reversed is only prima facie evidence of probable cause. Therefore, since plaintiff's municipal court conviction was overturned on a trial de novo in the district court, there is only prima facie evidence of probable cause, which may be rebutted. However, plaintiff contends there are facts in the record which, if taken as true as we must for the purposes of the summary judgment motion, rebut the presumption.

Defendants rely on the majority rule as set forth in Restatement of Torts, Second, § 667 (1976), to uphold the trial court's ruling. It states: "The conviction of the accused by a magistrate or trial court, although reversed by an appellate tribunal, conclusively establishes the existence of probable cause, unless the conviction was obtained by fraud, perjury or other corrupt means."

Defendants contend that the majority rule should be adopted "because it is the majority rule" and "because it is the better reasoned view." Citing to the annotation in 86 A.L.R.2d 1099, defendants state that:

Courts adopting the majority rule have reasoned that although a finding of guilt by a properly empowered tribunal establishes a presumption of probable cause, subsequent indications of the Plaintiff's innocence do not destroy that presumption because innocence in fact does not establish any want of reasonable belief in the Plaintiff's guilt. * * * Thus, a favorable termination of the prosecution, though an essential element of the malicious prosecution action, does not constitute evidence of want of probable cause because a conviction requires a finding of

guilt beyond a reasonable doubt while an acquittal or other favorable termination may be based upon any one of many factors other than want of probability of guilt. * * *

Defendants cite *Delgado v. Rivera*, 40 N.M. 217, 57 P.2d 1141 (1936), for the proposition that an acquittal in a criminal prosecution has little probative value because it may be for a variety of reasons, none of which is want of probable cause. However, plaintiff does not contend that the acquittal in district court establishes lack of probable cause, rather he argues that the facts and circumstances do so here.

Defendants also contend that the majority rule would further policies already set out in New Mexico case law. They cite *Hughes v. Van Bruggen*, 44 N.M. 534, 105 P.2d 494 (1940), for the proposition that malicious prosecution actions are not favored because they deter prosecutions and endanger the order and peace of the community.

In *Vincioni v. Phelps, supra*, our Supreme Court stated that a conviction that is later reversed is "at least prima facie evidence of probable cause" but unless there is some evidence to overcome the presumption, a directed verdict in favor of defendant must stand. We understand this language to mean that New Mexico adheres to the minority view.

This view is sound for several reasons, one of which is expressed in *Lind v. Schmid*, 67 N.J. 255, 337 A.2d 365 (1975).

The Restatement Rule is apparently bottomed on the assumption that the magistrate has upon a full and fair trial proceeded to conviction predicated upon evidence that would convince a prudent and reasonable man of the guilt of the accused. Therefore there must have been probable cause for the criminal proceeding. But the difficulty with the rationale is that the assumption may not be true. If the magistrate erred as a matter of law, should the plaintiff be deprived of his cause of action? If that trial court had acted correctly there would have been an acquittal. Then the plaintiff

would have been able to maintain the malicious prosecution suit. The inequity of a rule which in that situation bars the cause of action is obvious. The better principle is that the magistrate's conviction raises a rebuttable presumption of probable cause. The most recent opinion which has considered the issue has reached this result. *MacRae v. Brant*, 108 N.H. 77, 230 A.2d 753 (1967). Other jurisdictions which are in accord are Alabama, *Johnston v. Byrd*, 279 Ala. 491, 187 So.2d 246 (1966); Minnesota, *Skeffington v. Eylward*, 97 Minn. 244, 105 N.W. 638 (1906); Iowa, *Miller v. Runkle*, 137 Iowa 155, 114 N.W. 611 (1908); Nebraska, *Bechel v. Pacific Exp. Co.*, 65 Neb. 826, 91 N.W. 853 (1902); and New Mexico, *Vincioni v. Phelps Dodge Corp.*, 35 N.M. 81, 290 P. 319 (1930).

*See also, Chapman v. City of Reno*, 85 Nev. 365, 455 P.2d 618 (1969).

The court goes on to state that "where the municipal magistrate erred as a matter of law, including a factual determination unsupported by substantial evidence, so that the conviction could not stand, or his factual findings negated probable cause, or the conviction was obtained by fraud, perjury or other corrupt means, the conviction should be disregarded."

The wisdom of the minority rule is apparent from the transcript of the municipal court hearing, which shows that the municipal judge did not understand that self-defense is a defense to battery. *State v. Kraul*, 90 N.M. 314, 563 P.2d 108 (Ct.App. 1977). He would not consider any action of the police officer towards plaintiff, but only allowed evidence of whether or not there was a battery by plaintiff on the officer.

Another reason we agree with the minority rule for the instant case is that there was a trial de novo. N.M.Const., Art. VI, § 27; § 35–15–10, N.M.S.A. 1978. In *Southern Union Gas Company v. Taylor*, 82 N.M. 670, 486 P.2d 606 (1971), our Supreme Court stated:

[O]ur statutes expressly provide appeals from a magistrate court to the district court shall be determined by trial de

novo. We consider this to mean "anew," as did this court in *Pointer v. Lewis,* supra. [25 N.M. 260, 181 P. 428 (1919).] See also, *Lewis v. Baca,* 5 N.M. 289, 21 P. 343 (1889). This view is in accord with Black's Law Dictionary at 1677 (4th Ed. 1951), wherein "trial de novo" is defined as: "A new trial or retrial had in an appellate court in which the whole case is gone into as if no trial whatever had been had in the court below."

 Thus, a trial de novo resulting in an acquittal precludes consideration as to what has gone on before. Therefore, for the purposes of the summary judgment motion, we cannot say that there was still a finding of probable cause in the municipal court. *See, House v. Ane,* 56 Haw. 383, 538 P.2d 320 (1975).

 In view of the foregoing discussion, we hold that in the factual posture of this case the municipal court conviction raises a rebuttable presumption of probable cause.

Accordingly, we hold that the trial court erred in granting defendants' motion for summary judgment. The district court is reversed and is instructed to reinstate the matter on its civil docket. Defendants shall bear the costs of the appeal.

IT IS SO ORDERED.

WALTERS, C. J., concurs.

SUTIN, J., dissents.