Certiorari Denied, June 3, 2014, No. 34,619; Certiorari Denied, May 8, 2014, No. 34,647

IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

Opinion Number: 2014-NMCA-058

Filing Date: March 13, 2014

Docket No. 32,127

STATE OF NEW MEXICO,

 Plaintiff-Appellee,

v.

HOWARD CANNON,

 Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY
Donna J. Mowrer, District Judge

Gary K. King, Attorney General
Olga Serafimova, Assistant Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Nicole Murray, Assistant Appellate Defender
Santa Fe, NM

for Appellant

OPINION

FRY, Judge.

{1} Defendant Howard Cannon appeals his conviction for aggravated driving while under the influence (DWI), first offense, following a de novo trial in district court. Defendant contends that the district court erred by not granting him a trial by jury. Defendant's appeal from the district court was untimely filed. This Court therefore ordered the parties to brief the issue of whether the conclusive presumption of ineffective assistance of counsel

established in *State v. Duran*, 1986-NMCA-125, ¶¶ 4-6, 105 N.M. 231, 731 P.2d 374, should apply to appeals from a de novo trial in district court following a conviction in magistrate or municipal court. In briefing this issue, the State argued that this Court should overrule the presumption of ineffective assistance of counsel established in *Duran* in favor of allowing the district court to determine whether ineffective assistance of counsel occurred under the particular circumstances of a given case via an evidentiary hearing. The State contends that this result is required by the United States Supreme Court's ruling in *Roe v. Flores-Ortega*, 528 U.S. 470 (2000). We hold that, based on the jurisprudence and rules of this State, our courts should apply a conclusive presumption of ineffective assistance of counsel to an untimely notice of appeal following a de novo trial in district court. As to Defendant's claim of error, we affirm.

## BACKGROUND

**{2}**     Defendant was found guilty of aggravated DWI, contrary to NMSA 1978, Section 66-8-102(D)(3) (2010), following a jury trial in magistrate court. Defendant appealed the magistrate court conviction by filing a timely notice of appeal in district court pursuant to Rule 6-703(A) NMRA (providing that "[a] party who is aggrieved by the judgment or final order in a criminal action may appeal . . . to the district court of the county" and requiring that "[t]he notice of appeal . . . be filed in the district court within fifteen (15) days after the judgment or final order appealed from is filed in the magistrate court clerk's office"). Defendant requested a setting for a de novo trial and filed a demand for a jury trial. The district court denied Defendant's request for a jury trial. A bench trial was held, and Defendant was found guilty and convicted of aggravated DWI. An order of conviction was entered on February 1, 2012. Pursuant to NMSA 1978, Section 39-3-3(A)(1) (1972), and Rule 12-201(A)(2) NMRA, a criminal defendant must file his notice of appeal from the final judgment of a district court within thirty days of the entry of that judgment. Defendant filed a notice of appeal with the district court on March 21, 2012. Defendant's notice of appeal was, therefore, untimely.

## DISCUSSION

### I.     Application of the *Duran* Presumption

**{3}**     In *Duran*, this Court created a conclusive presumption of ineffective assistance of counsel where counsel filed an untimely notice of appeal following a defendant's conviction in district court. We premised this conclusive presumption of ineffective assistance of counsel, in part, on our understanding that "[c]riminal defendants convicted at trial generally file a notice of appeal." *State v. Peppers*, 1990-NMCA-057, ¶ 20, 110 N.M. 393, 796 P.2d 614. We reasoned that, because in an appeal from a criminal conviction counsel must "timely file either a notice of appeal or an affidavit of waiver of appeal[,]" *Duran*, 1986-NMCA-125, ¶ 3 (citing NMSA 1978, Crim. P. Rule 54(b) (Repl. 1985), now Rule 5-702(B) NMRA), "the absence of a notice of appeal and an affidavit of waiver strongly suggests the failure of trial counsel to consult adequately with the client concerning the right to appeal."

*Peppers*, 1990-NMCA-057, ¶ 20 (discussing *Duran*).

{4}     Since *Duran*, this Court has extended the conclusive presumption of ineffective assistance of counsel to de novo appeals from magistrate court to district court, *State v. Eger*, 2007-NMCA-039, ¶ 2, 141 N.M. 379, 155 P.3d 784; to appeals from an order revoking probation, *State v. Leon*, 2013-NMCA-011, 292 P.3d 493, *cert. quashed* 2013-NMCERT-010, 313 P.3d 251; and to appeals from determinations of abuse and neglect and termination of parental rights, *State ex rel. Children, Youth and Families Department v. Amanda M.*, 2006-NMCA-133, ¶ 22, 140 N.M. 578, 144 P.3d 137 (abuse and neglect); *State ex rel. Children, Youth and Families Department v. Ruth Anne E.*, 1999-NMCA-035, ¶ 10, 126 N.M. 670, 974 P.2d 164 (termination proceedings).  Most recently, in *State v. Vigil*, 2014-NMCA-___, ___ P.3d ___ (No. 32,166, Mar. 12, 2014), this Court extended the *Duran* presumption to untimely appeals to this Court following a district court's on-record review of a metropolitan court decision.

{5}     In contrast, the present case does not require this Court to extend the *Duran* presumption beyond the parameters of its original analysis.  Rather, given that a de novo trial in district court is subject to the same procedural rule that the *Duran* presumption was premised on—namely, Rule 5-702(B)—it follows that the *Duran* presumption would apply to untimely notices of appeal from a de novo trial in district court.  Perhaps recognizing the difficulty in distinguishing the circumstances of this case from the basis for *Duran*, the State instead asks this Court to overrule *Duran*'s conclusive presumption of ineffective assistance of counsel.

{6}     The State relies on the United States Supreme Court's opinion in *Flores-Ortega*, to argue that this Court should overrule *Duran*.  In *Flores-Ortega*, the United States Supreme Court concluded that a bright-line rule for determining ineffective assistance of counsel for failure to file a timely notice of appeal was improper given that *Strickland v. Washington*, 466 U.S. 668 (1984), requires that a court look at the specific circumstances surrounding counsel's actions.  *Flores-Ortega*, 528 U.S. at 478.  The State contends that, because this Court premised its ruling in *Duran* on the right to effective assistance of counsel under the United States Constitution and not the New Mexico Constitution, we are bound by the holding in *Flores-Ortega*.  We disagree.

{7}     While *Duran* was based, in part, on federal case law discussing a defendant's right to counsel and right to appeal, *Duran* was also premised on New Mexico's rules of criminal procedure.  *See* 1986-NMCA-125, ¶ 3 (stating that "[t]his [C]ourt is mindful of the holding of the United States Supreme Court in *Evitts v. Lucey*, [469 U.S. 387 (1985)], to the effect that criminal defendants are not to be deprived of an appeal as of right where a procedural defect results from ineffective assistance of counsel on appeal"); *Duran*, 1986-NMCA-125, ¶ 4 (discussing how an attorney who fails to either file a notice of appeal or affidavit of waiver of appeal as required by the rules of criminal procedure "can be said to have neglected his duty and a conclusive presumption of ineffective assistance arises").  We further note that our rules impose a greater obligation on counsel than the Federal

3

Constitution. As the United States Supreme Court recognized in *Flores-Ortega*,

> [C]ounsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal); or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.

528 U.S. at 480. The United States Supreme Court marked the difference between this constitutionally imposed obligation and the bright-line rule utilized by the First and Ninth Circuits, stating that the bright-line rule "effectively imposes an obligation on counsel in all cases either (1) to file a notice of appeal, or (2) to discuss the possibility of an appeal with the defendant, ascertain his wishes, and act accordingly." *Id.* at 478 (characterizing the First and Ninth Circuit Courts as having imposed a bright-line rule requiring that "[c]ounsel . . . file a notice of appeal unless the defendant specifically instructs otherwise; failing to do so is *per se* deficient"). The United States Supreme Court noted that, "while [s]tates are free to impose whatever specific rules they see fit to ensure that criminal defendants are well represented," "[w]e cannot say, as a *constitutional* matter, that in every case counsel's failure to consult with the defendant about an appeal is necessarily unreasonable, and therefore deficient." *Id.* at 479.

**{8}** By promulgating Rule 5-702(B), our New Mexico Supreme Court has expanded the obligation of counsel to protect a defendant's right to appeal beyond that required under the United States Constitution. As noted above, pursuant to Rule 5-702(B), counsel is responsible for either filing a notice of appeal or obtaining an affidavit of waiver from a defendant. Therefore, ultimately, our Supreme Court has imposed on counsel an obligation to consult with a criminal defendant regarding the defendant's right to appeal. *See* Rule 5-702(B); *see also Duran*, 1986-NMCA-125, ¶ 4 (noting that counsel may file "his own affidavit in the district court stating that he has advised his client of his right to appeal and that the client has neither authorized an appeal nor signed an affidavit of waiver" in order to comply with the requirements of the rule and not be deemed ineffective). Thus, Rule 5-702(B) itself creates a requirement similar to the obligation imposed by the bright-line rule that the United States Supreme Court determined was not constitutionally required.

**{9}** Given that, as a state, we are free to extend additional procedural protections to a criminal defendant, and given that *Duran* was premised on the specific requirements contained in Rule 5-702(B), we reject the State's argument that *Flores-Ortega* is controlling and requires us to overrule the conclusive presumption of ineffective assistance of counsel established in *Duran*. Nor do we choose to reconsider *Duran* of our own accord. After close to thirty years and various extensions of its application, *Duran* is firmly rooted in this State's jurisprudence. To the extent the State advocates for a rule that would require remand to the district court to hold an evidentiary hearing whenever an untimely notice of appeal is filed, we conclude that this is an issue best left to our Supreme Court's rule-making authority. This Court continues to maintain, as we did in *Duran*, that applying a conclusive

4

presumption of ineffective assistance of counsel provides the greatest protection of a defendant's right to appeal with the least judicial burden. *See Duran*, 1986-NMCA-125, ¶¶ 5-6. We therefore do not reweigh the balance of interests struck by this Court in *Duran*. Accordingly, we hold that the *Duran* presumption applies when counsel files an untimely appeal to this Court following a de novo trial in district court. We now turn to the merits of Defendant's appeal.

**II.      Defendant's Request for a Jury Trial**

**{10}**    Defendant contends that the district court erroneously denied him the jury trial he was entitled to under both the Sixth Amendment of the United States Constitution and Article II, Section 12 of the New Mexico Constitution. The State contends that, to the extent Defendant is arguing that the New Mexico Constitution provides greater protection than the Sixth Amendment, Defendant did not preserve this issue below. This Court does not read Defendant's brief in chief or reply brief as asserting an argument for greater protection under the New Mexico Constitution, and Defendant has made no attempt to rebut the State's contention that this issue was not preserved. We therefore limit our analysis accordingly.

**{11}**    In *State v. Sanchez*, 1990-NMSC-012, 109 N.M. 428, 786 P.2d 42, our Supreme Court examined the Sixth Amendment's guarantee of an accused's right to trial by an impartial jury. Our Supreme Court noted that in *Duncan v. Louisiana*, 391 U.S. 145 (1968), the United States Supreme Court "dr[e]w a line separating petty offenses from serious crimes, [and] held that certain petty offenses are not subject to the [S]ixth [A]mendment jury trial provision and should not be subject to the [F]ourteenth [A]mendment jury trial requirement applied to the states." *Sanchez*, 1990-NMSC-012, ¶ 6. In distinguishing between a petty offense and serious crime, the United States Supreme Court relied on the objective criteria of maximum authorized penalty, "finding it to be the most relevant and reflective of the seriousness with which society regards an offense." *Id.* ¶ 7. The United States Supreme Court held that "a potential sentence in excess of six months' imprisonment is sufficiently severe by itself to take the offense out of the category of 'petty' so as to permit a defendant to demand a trial by jury." Sanchez, 1990-NMSC-012, ¶ 7 (quoting *Baldwin v. New York*, 399 U.S. 66, 69 n.6 (1970) (plurality opinion) (internal quotation marks and citation omitted)).

**{12}**    Defendant was charged with DWI, first offense, which carries a maximum sentence of ninety days' imprisonment. *See* § 66-8-102(E). Given that the maximum period of imprisonment Defendant faces is less than six months, Defendant is not entitled to a jury trial under *Sanchez*.

**{13}**    Defendant relies on *Blanton v. City of N. Las Vegas*, 489 U.S. 538 (1989), to argue that this Court should treat DWI, first offense, as a serious offense despite a maximum term of imprisonment of less than six months. In *Blanton*, the United States Supreme Court noted that in determining the severity of a penalty for purposes of assessing a defendant's right to a jury, "the word 'penalty[]' . . . do[es] not refer solely to the maximum prison term

authorized for a particular offense." *Id.* at 542. Rather, "[a] legislature's view of the seriousness of an offense also is reflected in the other penalties that it attaches to the offense." *Id.* However, the Supreme Court instructed that it is "appropriate to presume for purposes of the Sixth Amendment that society views [an offense carrying a maximum prison term of six months or less] as 'petty.'" *Id.* at 543. Where the maximum period of incarceration is less than six months, "[a] defendant is entitled to a jury trial . . . only if he can demonstrate that any additional statutory penalties, viewed in conjunction with the maximum authorized period of incarceration, are so severe that they clearly reflect a legislative determination that the offense in question is a 'serious' one." *Id.*

**{14}** Attempting to overcome this presumption, Defendant directs this Court to the additional penalties contained in Section 66-8-102(E) for first offenses. These penalties include a minimum of twenty-four hours of community service, completion of an alcohol or drug screening program, completion of a court-approved alcohol or drug abuse treatment program, completion of a driver rehabilitation program, installation of an ignition interlock device on all motor vehicles driven by the offender for a period of one year, obtaining an interlock driver's license, and payment of probation costs, along with various fees and fines. Section 66-8-102(E). Defendant calculates the cost of these penalties as $2,680.04. Defendant also notes that, "[i]n addition to the financial burden of a first offense DWI conviction, the penalties also involve a significant time investment." Defendant contends that these penalties reflect a judgment by our Legislature that DWI, first offense, is a serious crime.

**{15}** Moreover, Defendant asserts that our courts have also consistently viewed DWI, first offense, as a serious crime. Defendant argues that in *City of Santa Fe v. Martinez*, 2010-NMSC-033, 148 N.M. 708, 242 P.3d 275, the New Mexico Supreme Court considered DWI to be a serious crime by choosing to treat it as a felony for the purpose of warrantless arrests. In *Martinez*, our Supreme Court acknowledged that "[t]he crime of DWI as defined by our Legislature is not a 'minor crime' as contemplated by the misdemeanor arrest rule" and held that "the crime of DWI should be treated as a felony for purposes of warrantless arrests." *Id.* ¶ 13. In doing so, the Court stated:

> Although a DWI offender who has had less than three convictions would only be guilty of a misdemeanor, such a classification makes no difference in the severity of the offense's consequences, nor does it dilute the public's concern; a first DWI or subsequent offense can have the same deadly results as a fourth offense.

*Id.* ¶ 14. Defendant also points to other acknowledgments by our courts that DWI is a serious offense. *See State ex rel. Schwartz v. Kennedy*, 1995-NMSC-069, ¶ 9, 120 N.M. 619, 904 P.2d 1044 ("New Mexico has a serious problem with drunk drivers, with one of the highest rates in the nation of DWI-related fatalities. Our citizens are obviously concerned by this dangerous situation, and through their elected representatives have established a system providing punishment for drunk drivers along with remedial measures for the

protection of the population."); *State v. Contreras*, 2003-NMCA-129, ¶ 14, 134 N.M. 503, 79 P.3d 1111 ("In New Mexico, the elimination of driving while intoxicated and its related offenses is a matter of grave concern to society in general, and to our courts and Legislature in particular." (internal quotation marks and citation omitted)).

**{16}** While we acknowledge that our law is replete with references to the seriousness with which we regard DWI, such statements made in other contexts do not inform our decision herein. Rather, as *Blanton* provides, it is the severity of the penalty that we must consider in determining whether a defendant is entitled to a trial by jury and, based on the penalties provided in Section 66-8-102(E), we conclude that Defendant cannot overcome the presumption that we view the offense of DWI, first offense, as "petty" for purposes of the Sixth Amendment.

**{17}** In *Blanton*, the United States Supreme Court noted that the Nevada legislature had chosen to punish first DWI offenses by imposing the following penalties: (1) "a minimum term of two days' imprisonment and a maximum term of six months' imprisonment" or, alternatively, "[forty-eight] hours of work for the community while dressed in distinctive garb which identifies him as [a [DWI] offender]"; (2) "a fine ranging from $200 to $1,000"; (3) revocation of the defendant's driver's license; and (3) attendance of "an alcohol abuse education course" at the defendant's expense. 489 U.S. at 539-40. There, despite the combination of a maximum six months' imprisonment and the additional penalties listed above, the United States Supreme Court determined that the Nevada legislature had not clearly indicated that DWI was a serious offense. *Id.* at 544.

**{18}** While New Mexico provides more additional penalties than the Nevada legislature was identified as having done in *Blanton*, the total period of incarceration for a DWI, first offense, in New Mexico is ninety days, where the maximum incarceration under the Nevada legislation discussed in *Blanton* was six months. The United States Supreme Court concluded that the Nevada legislature had not indicated that DWI was a serious offense for purpose of the Sixth Amendment when it provided for a six-month maximum sentence and additional penalties and fines. Given that *Blanton* states that "[p]rimary emphasis . . . must be placed on the maximum authorized period of incarceration[,]" *id.* at 542, we cannot conclude that the additional penalties contained in Section 66-8-102(E), when viewed in conjunction with a ninety-day sentence, are sufficient to render DWI, first offense, a serious offense for Sixth Amendment purposes. As a result, we disagree with Defendant that he had a constitutional right to a jury trial.

**{19}** Defendant further argues that the district court's denial of his request for a jury trial violated the rules of criminal procedure and therefore his right to due process. Specifically, Defendant asserts that the rules require that an appeal from magistrate court to district court be in the form of a trial de novo. *See* Rules 6-703(A); 5-826(J) NMRA. According to Defendant, "[t]he [same] rights and procedures afforded at the trial de novo must match those provided below." Defendant provides no authority for this argument. *See In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329 (providing that,

7

where a party cites no authority to support an argument, we may assume no such authority exists).  Moreover, Defendant's argument is contrary to the concept of a de novo trial "in which the whole case is gone into as if no trial whatever had been had in the court below." *Miera v. Waltemeyer*, 1982-NMCA-007, ¶ 18, 97 N.M. 588, 642 P.2d 191 (internal quotation marks and citation omitted).  Accordingly, we conclude that the district court did not violate Defendant's constitutional rights by denying his request for a jury trial.

**CONCLUSION**

**{20}**    We hold that the *Duran* presumption applies when counsel files an untimely appeal to this Court following a de novo trial in district court.  Having applied the *Duran* presumption in this case and considered the merits of Defendant's appeal, we conclude that DWI, first offense, is not a serious offense for purpose of a defendant's Sixth Amendment right to a jury trial.  Because we conclude that the district court did not err in denying Defendant's request for a jury trial, we affirm Defendant's conviction.

**{21}    IT IS SO ORDERED.**

_____

**CYNTHIA A. FRY, Judge**

**WE CONCUR:**

_____

**JAMES J. WECHSLER, Judge**

_____

**TIMOTHY L. GARCIA, Judge**

**Topic Index for *State v. Cannon*, No. 32,127**

**APPEAL AND ERROR**
Notice of Appeal
Preservation of Issues for Appeal
Trial de Novo

**ATTORNEYS**
Effective Assistance of Counsel

**CONSTITUTIONAL LAW**
Due Process

Trial by Jury

**CRIMINAL LAW**
Driving While Intoxicated

**CRIMINAL PROCEDURE**
Criminal Procedure, General
Due Process
Time Limitations

**JURISDICTION**
Magistrate Court