This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

STATE OF NEW MEXICO,

    Plaintiff-Appellee,

v.                                **No. 34,328**

LANCE HOUSEWRIGHT,

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY**
**James M. Hudson, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
John Kloss, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Allison H. Jaramillo, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**SUTIN, Judge.**

{1} Defendant Lance Housewright appeals his conviction for aggravated driving while under the influence (DWI) first offense. On appeal, Defendant argues (1) the district court erred in denying him a jury trial, and (2) there was insufficient evidence to convict him of aggravated DWI because (a) the "injury to a human being" element used to elevate the DWI charge to an aggravated DWI charge was erroneously applied when he was the one injured, and (b) there was insufficient evidence of the bodily injury element of the aggravated DWI statute. We hold that Defendant was not entitled to a jury trial. And we hold that the evidence of bodily injury was insufficient. We therefore hold that the DWI conviction should be for the lesser included offense of DWI first offense, not aggravated DWI first offense.

**BACKGROUND**

{2} Defendant was charged with reckless driving, under NMSA 1978, Section 66-8-113 (1987), and aggravated DWI first offense, under NMSA 1978, Section 66-8-102 (2010, amended 2016), after he crashed his vehicle, exhibited signs of intoxication, and performed poorly on field sobriety tests. The case was initially filed in Chaves County Magistrate Court (the magistrate court), however, a nolle prosequi was filed seven days later.[1] The case was re-filed in the Fifth Judicial District Court. Defendant

---

[1] The State filed a nolle prosequi so that "this case [could] be re-filed in [d]istrict [c]ourt due to the necessity to bring in a Scientific Laboratory Division analyst to testify at trial."

demanded a jury trial. Over the course of the pendency of the case, the district court issued several notices of jury trial due to scheduling conflicts for both parties, but the trial was eventually converted to a bench trial. On the day of trial, Defendant filed a motion to dismiss on speedy trial grounds and, while arguing that motion, claimed that he had a right to a jury trial, despite the fact that he did not argue for a jury trial when the case was set for a bench trial approximately nine months earlier. Defendant admitted that his purpose for raising the jury trial issue on the day of trial was so that jeopardy would attach. The court denied Defendant's motion and Defendant was ultimately found guilty of aggravated DWI first offense. The court sentenced Defendant to ninety days in jail (all suspended, except forty-eight mandatory hours to be served at Chaves County Detention Center), and to one year of supervised probation (conditions to include community service, use of an ignition interlock, drug and alcohol screening, and DWI school), and the court also ordered Defendant to pay a fine and fees. Additional facts will be offered throughout as needed.

**DISCUSSION**

**I.      Right to a Jury Trial**

{3}      Defendant argues that he was denied his right to a jury trial under the Sixth Amendment to the United States Constitution. "The question of whether a defendant's

constitutional rights were violated is a question of law [that the appellate courts] review de novo." *State v. Turrietta*, 2013-NMSC-036, ¶ 14, 308 P.3d 964.

{4} Defendant argues that he was wrongfully denied a jury trial because he would have been entitled to a jury trial had the State moved forward with its case in magistrate court instead of re-filing it in district court, and also because he had a constitutional right to a jury trial insofar as DWI first offense is "a serious offense in light of the severe penalties and sentence imposed." Defendant urges this Court to reconsider its holding in *State v. Cannon*, 2014-NMCA-058, 326 P.3d 485, which specifically held that "DWI[] first offense[] is not a serious offense for [the] purpose of a defendant's Sixth Amendment right to a jury trial." *Id.* ¶ 20. In reaching its conclusion, the *Cannon* Court noted that the defendant was not entitled to a jury trial under the six-month threshold standard provided by *State v. Sanchez,* 1990-NMSC-012, ¶ 7, 109 N.M. 428, 786 P.2d 42, because the potential sentence did not exceed six months' imprisonment. *Cannon*, 2014-NMCA-058, ¶¶ 11-12. *Cannon* also held that the defendant was not entitled to a jury trial under *Blanton v. City of North Las Vegas*, 489 U.S. 538, 542 (1989), which held that additional statutory penalties may be considered in conjunction with the maximum period of incarceration to determine whether an offense is "serious" and thus entitles a charged defendant to demand a jury trial. *Cannon*, 2014-NMCA-058, ¶¶ 13, 18. As did the defendant in *Cannon*, who was

4

convicted of aggravated DWI first offense,[2] Defendant argues that the Legislature views DWI as a serious offense, as evidenced by the onerous statutory penalties, which in addition to jail time, include probation, community service, use of an ignition interlock device, drug and alcohol screening and treatment, DWI school, fees, and fines. *See id.* ¶¶ 1, 14. Defendant argues that because DWI first offense is serious, he has a constitutional right to a jury trial, "under both the Sixth Amendment of the United States Constitution, and Article II, Section 12 of the New Mexico Constitution[,]" and he should therefore be "permitted a jury trial upon request."

{5}     We begin by noting that Defendant cited no authority for his proposition that because he was entitled to a jury trial in magistrate court that right extended to district court. Because Defendant failed to provide any support for his argument, we assume none exists, and thus reject the contention. *See In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329 ("[The appellate courts] assume where arguments in briefs are unsupported by cited authority, counsel after diligent search,

_____

[2] Although the analysis in *Cannon* is worded such that it applies to DWI first-offense cases generally, the defendant in *Cannon* was specifically charged with aggravated DWI first offense. 2014-NMCA-058, ¶ 1. We agree with the *Cannon* Court that the analysis of a defendant's alleged right to a jury trial when charged with aggravated DWI first offense is the same as the analysis for DWI first offense because the potential penalties under DWI first offense are the same as the potential penalties under aggravated DWI first offense, except that an individual who is convicted of aggravated DWI first offense *must* serve forty-eight hours in jail. *See* § 66-8-102(E).

5

was unable to find any supporting authority[, and the appellate courts] therefore will not do this research for counsel. Issues raised in appellate briefs which are unsupported by cited authority will not be reviewed . . . on appeal." (citation omitted)). We also note that Defendant failed to preserve or adequately argue for protections under the New Mexico Constitution, and we therefore limit our analysis to Defendant's claimed right under the United States Constitution. *See Cannon*, 2014-NMCA-058, ¶ 10 ("This Court does not read [the d]efendant's brief in chief or reply brief as asserting an argument for greater protection under the New Mexico Constitution, and [the d]efendant has made no attempt to rebut the [prosecution's] contention that this issue was not preserved. We therefore limit our analysis accordingly.").

{6}     In light of the binding and on-point precedent regarding aggravated DWI first offense provided by *Cannon*, we decline to conclude in this case now before us that aggravated DWI first offense is serious enough to warrant entitlement to a jury trial under the Sixth Amendment. As held by this Court in *Cannon*, neither the statutory penalties nor the courts' and/or the Legislature's recognition of DWI as problematic is sufficient to "overcome the presumption that we view the offense of DWI[] first offense[] as 'petty' for purposes of the Sixth Amendment." *Id.* ¶¶ 14-16. We find no

6

compelling reason to stray from the analysis set forth in *Cannon*, and we hold that Defendant was not entitled to a jury trial.[3]

## II. Sufficiency of the Evidence

{7} Defendant makes two arguments regarding his conviction for aggravated DWI. First, he argues that there was not sufficient evidence to prove aggravated DWI because the only injury alleged was an injury to himself. Second, he argues that the injury used to support the conviction was a minor hand injury that did not sufficiently prove a "bodily injury" as required by the statute. We reverse because the evidence of the cut to Defendant's hand was not sufficient to satisfy the bodily injury element.[4] *See* § 66-8-102(D)(2).

{8} "The test to determine the sufficiency of the evidence in New Mexico . . . is whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilt beyond a reasonable doubt with respect to every element

---

[3] Although not argued by Defendant, we agree with the State that even considering the potential penalties associated with the reckless driving charge (i.e., a maximum sentence of ninety days and maximum fine of $100), a jury trial is not warranted either under the *Sanchez* six-month threshold or the "seriousness" factors considered in *Cannon*. *See* § 66- 8-113(B).

[4] Although this Opinion reverses on the ground that Defendant's particular injury was not a great bodily injury, we note that in *State v. Gray*, ____-NMCA-___, ___ P.3d ___ (No. 33,940, Aug. 3, 2016), filed simultaneously with this Opinion, this Court held that Section 66-8-101(B) and (C) are not applicable to a DWI defendant where the great bodily injury resulting from his unlawful conduct was to himself and not others.

7

essential to a conviction." *State v. Graham*, 2005-NMSC-004, ¶ 6, 137 N.M. 197, 109 P.3d 285 (omission in original) (alteration, internal quotation marks, and citation omitted). When reviewing whether there is sufficient evidence to support a conviction, this Court engages in a two-part analysis:

> First, a reviewing court must view the evidence in the light most favorable to the [prosecution], resolving all conflicts therein and indulging all permissible inferences therefrom in favor of the verdict. Second, an appellate court determines whether the evidence, viewed in this manner, could justify a finding by any rational trier of fact that each element of the crime charged has been established beyond a reasonable doubt.

*Id.* (alteration, internal quotation marks, and citations omitted).

**{9}** Aggravated DWI "consists of . . . causing bodily injury to a human being as a result of the unlawful operation of a motor vehicle while driving under the influence of intoxicating liquor or drugs[.]" Section 66-8-102(D)(2). Although Section 66-8-102 does not define "human being," it defines "bodily injury" as "an injury to a person that is not likely to cause death or great bodily harm to the person, but does cause painful temporary disfigurement or temporary loss or impairment of the functions of any member or organ of the person's body[.]" Section 66-8-102(U)(1).

**{10}** Viewing the evidence in the light most favorable to the State, we do not believe that a rational trier of fact could find that "bodily injury" was established beyond a reasonable doubt. At trial, the State offered one witness, Officer Jonathan Daniel, a

8

patrol officer with the City of Roswell Police Department who responded to the scene of Defendant's accident after dispatch advised of a crash with injuries.

**{11}** Officer Daniel testified that he observed that Defendant "had a cut on his hand when he was dealing with the paramedics." Officer Daniel provided no other information about the injury and apparently was at the scene for the primary purpose of conducting field sobriety tests. Defendant was taken to the hospital for a blood draw. No evidence showed that any injury was observed or addressed by hospital staff. The State did not enter any photographs or other exhibits documenting the cut and did not elicit any testimony as to the severity or impact of the cut. Because the record contains no evidence of temporary disfigurement or temporary loss or impairment of the functions of Defendant's hand as a result of the cut, we hold that bodily injury, and thus aggravated DWI, was not established beyond a reasonable doubt. *See* § 66-8-102(U)(1).

**III.    Lesser Included Offense**

**{12}** The State argues that "[i]f this Court concludes that sufficient evidence did not support conviction under Section 66-8-102(D), it should order a limited remand vacating only the aggravated portion of the conviction." We agree that in this case, and pursuant to *State v. Notah-Hunter*, 2005-NMCA-074, ¶¶ 20-22, 137 N.M. 597, 113 P.3d 867, it is appropriate to reverse Defendant's conviction for aggravated DWI

9

first offense and remand for entry of a conviction for DWI under Section 66-8-102(A) first offense.

**{13}** In *Notah-Hunter*, this Court reversed the defendant's conviction for aggravated DWI because the defendant's marginal breath-alcohol content test (BAC) results came from a test administered one hour and twenty-two minutes after driving and because there was a lack of corroborating evidence to substantiate that she "was actually driving with a BAC of 0.16 or greater[.]" *Id.* ¶ 19. Due to the lack of evidence in support of aggravated DWI, this Court opted to reverse the magistrate court, but then chose to remand the case for entry of judgment convicting the defendant of DWI under Section 66-8-102(A). *Notah-Hunter*, 2005-NMCA-074, ¶¶ 1, 31. In support of our decision, we recognized that "[o]ur courts have determined that under certain conditions a defendant can be convicted of a lesser included offense that was not part of the charging document." *Id.* ¶ 21. One such condition is when "it would be impossible ever to commit the greater offense without also committing the lesser offense." *Id.* (internal quotation marks and citation omitted). In holding that DWI is a lesser included offense of aggravated DWI, we noted that "the offense of aggravated DWI itself is not a different crime from DWI, but rather only an enhanced degree of the DWI offense." *Id.* ¶ 22 (alteration, internal quotation marks, and citation omitted). We also determined that, although there was insufficient evidence to prove aggravated

10

DWI, there was sufficient evidence to prove DWI when the defendant had slurred speech, smelled of alcohol, admitted to drinking alcohol, failed field sobriety tests, and was speeding. *Id.* ¶¶ 23-24. Additionally, we determined that the defendant had sufficient notice that aggravated DWI necessarily encompasses DWI, and the "interests of justice would not be served by remanding [the] case for retrial." *Id.* ¶¶ 27-29.

{14}  In the present case, DWI is a lesser included offense because it would be impossible to "[cause] bodily injury to a human being as a result of the unlawful operation of a motor vehicle while driving under the influence of intoxicating liquor[,]" Section 66-8-102(D)(2), without also driving a vehicle while "under the influence of intoxicating liquor[,]" Section 66-8-102(A). As noted earlier, aggravated DWI is simply an enhanced degree of DWI. *See Notah-Hunter*, 2005-NMCA-074, ¶ 22. Additionally, we determine that there was sufficient evidence to convict Defendant of DWI because the testimony indicated that Defendant crashed his vehicle, had bloodshot and watery eyes, had the odor of alcoholic beverages on his breath, admitted to drinking alcohol, and performed poorly on field sobriety tests.

{15}  We reject Defendant's argument that *Notah-Hunter* is distinguishable from the present case because, unlike Defendant, the defendant in *Notah-Hunter* requested that the district court find her not guilty or, in the alternative, guilty of non-aggravated

11

DWI. *Id.* ¶ 20. Although the *Notah-Hunter* Court noted that the defendant's request indicated an explicit awareness that the lesser charge of DWI was included in aggravated DWI, *id.* ¶ 27, neither the Court's ultimate decision that DWI was a lesser included offense of aggravated DWI, nor the Court's decision that there was sufficient evidence of DWI, turned on the defendant's request.

{16}    In the case before us, because there was sufficient evidence of DWI first offense and because DWI first offense is a lesser included offense of aggravated DWI first offense, we do not think that the interests of justice would be served by remanding the case for retrial.

**CONCLUSION**

{17}    Because there was insufficient evidence of "bodily injury," but sufficient evidence of DWI, we reverse the conviction for aggravated DWI first offense and remand this case with instructions to the district court to (1) vacate the conviction for aggravated DWI first offense, (2) enter judgment on a charge of DWI first offense, and (3) sentence Defendant accordingly.

{18}    **IT IS SO ORDERED.**


                                    _____
                                    **JONATHAN B. SUTIN, Judge**


**WE CONCUR:**


_____
**JAMES J. WECHSLER, Judge**


_____
**STEPHEN G. FRENCH, Judge**